IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HEDRA ESHAK FOUAD FAHMI,           )
                                   )
        Petitioner,                )
                                   )
v.                                 )        NO. 3:26-cv-00856
                                   )
TODD BLANCHE, *Acting Attorney*    )        JUDGE RICHARDSON
*General of the United States,* et al., )
                                   )
        Respondents.               )

## ORDER

Pending before the Court is a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief," (Doc. No. 1 "Petition"), and an "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. No. 5, "Motion"),[1] filed by Petitioner, Hedra Eshak Fouad Fahmi. Via the Motion, Petitioner moves "pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. § 2241 for an Emergency Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Respondents from transferring Petitioner outside the territorial boundaries of the Middle District of Tennessee pending the adjudication of his underlying Petition for Writ of Habeas Corpus [(Doc. No. 1)]." (Doc. No. 5 at 1-2).

For the reasons described below, the Motion (Doc. No. 5) is **DENIED**.

---

[1] The Motion's title suggests that Petitioner is seeking both a TRO and a preliminary injunction via the Motion. However, the Court discerns that Petitioner, via his Motion, in substance instead is requesting that the Court issue a TRO now and that the requested TRO (if granted) later be converted to a preliminary injunction.

Local Rule 65.01(b) provides that "[e]ach motion for a TRO must be accompanied by a separately filed affidavit or verified written complaint [or petition],[2] a memorandum of law, and a proposed order." Here, the Motion (Doc. No. 5) is in violation of Local Rule 65.01(b) because it is accompanied neither by a memorandum of law nor a proposed order.

First, the Motion is not accompanied by a memorandum of law as required by Local Rule 65.01(b). To the extent that Petitioner intended for his Motion to serve also as a memorandum of law, that approach was misguided and unsuccessful. To begin with, nothing in the title or content of the Motion conveys that it was intended to function contemporaneously as an accompanying memorandum of law as well as a motion. And nothing in the substance of the Motion actually serves as a memorandum of *law*, which is what Local Rule 65.01(b) requires; aside from citing Federal Rule of Civil Procedure 65 and 28 U.S.C. § 2241, the Motion is wholly lacking any legal citations or legal analysis in support of the requested relief.

Second, the Motion is also not accompanied by a proposed order as required by Local Rule 65.01(b). Notably the requirement that a motion for a TRO be accompanied by a proposed order is not merely technical or administrative but rather is of great substantive value because it serves to specify the precise bounds of the (extraordinary) relief that the movant is requesting via a TRO—a specification that helps the Court address the substantive merit of the motion's request for relief.

---

[2] Notably, Local Rule 65.01(b) uses the term "complaint"—which is the original pleading in an ordinary civil case. But because in a habeas petition the original pleading is a petition, the Court discerns that a motion for a TRO in a habeas proceeding can be—and indeed must be—supported by either an affidavit or a verified *petition*.

In sum, because the Motion is not accompanied by a memorandum of law or a proposed order, the Motion is not procedurally compliant with Local Rule 65.01(b) and is subject to denial on that basis.

Moreover, Petitioner specifically requested a TRO pursuant to Rule 65, which contemplates TROs without notice. *See* Fed. R. Civ. P. 65(b). Rule 65 requires (among other things) the movant to certify in writing "any efforts made to give notice and why it should not be required." *Grooms v. Cox*, No. 2:23-CV-00044, 2023 WL 5496479, at \*9 (M.D. Tenn. Aug. 23, 2023) (citing Fed. R. Civ. P. 65(b)(1)(B)). Here Petitioner failed to make any such certification, which provides an additional ground for denying the Motion.[3]

Accordingly, the Motion (Doc. No. 5) is **DENIED** without prejudice to Petitioner filing another motion for a TRO in a procedurally compliant manner.

The Court will briefly address the Petition. After conducting a preliminary review of Petitioner's Section 2241 Petition in accordance with Rule 4 of the Rules Governing Section 2254 [and 2241][4] Cases in the United States District Courts, it is not readily apparent that Petitioner is not entitled to relief. The Court requires more information before proceeding.

Accordingly, the Clerk is **DIRECTED** to provide a copy of the Petition (Doc. No. 1) and this Order to Respondents. *See* Rule 4, Rules Gov'g § 2254 Cases ("In every case, the clerk must

---

[3] To the extent that there is a category of TROs not subject to Rule 65, which presumably would be a TRO issued with notice, that type of TRO is not implicated here, because Petitioner has moved under Rule 65.

[4] Notably, the Rules Governing Section 2254 Cases are also applicable to habeas petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Gov'g § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also Shaw v. Boulet*, No. 1:22-CV-01011-JDB-JAY, 2022 WL 22954109, at \*2 n.4 (W.D. Tenn. Apr. 21, 2022) (applying the Rules Governing Section 2254 Cases to a Section 2241 case).

serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").

Respondents **SHALL** file an answer, motion, or other response to the Petition in accordance with Rule 5, Rules Gov'g § 2254 Cases, within seven (7) days of the date of entry of this Order; therein, Respondents are free to address whether they are actually proper respondents in the first place.[5] Respondents may seek an extension of this deadline in writing prior to the expiration of the deadline, if appropriate.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] Merely by responding as ordered herein, no Respondent shall be deemed to have waived any defense that he might have, including lack of jurisdiction, failure to effect proper service, or that he is not a proper respondent in this action.